15016/MAT/rf        Attorney ID#35244
2-2-09

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ALFONSO RODRIGUEZ; STEVEN L. STEWART and MONIQUE RODRIGUEZ, | ) ) ) | |
| Plaintiff(s), | ) ) | Case No. |
| v. | ) ) | |
| UNITED RENTALS (NORTH AMERICA), INC., a Corporation; JLG, INDUSTRIES INC., a Corporation, and GILBANE, INC., a Corporation, | ) ) ) ) ) | |
| Defendant(s). | ) ) | |

```
PLAINTIFF DEMANDS
TRIAL BY JURY
```

### COMPLAINT AT LAW

### COUNT I

### PRODUCTS LIABILITY

Now comes the Plaintiff, ALFONSO RODRIGUEZ, by his attorneys, ANESI, OZMON,

RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendants, UNITED RENTALS

(NORTH AMERICA), INC., a Corporation; JLG, INDUSTRIES INC., a Corporation, and

GILBANE, INC., a Corporation, and each of them, alleges as follows:

1.       That on and prior to March 30, 2009, the aforementioned Defendants, and each of

them, were engaged in the business of designing, preparing, manufacturing, advertising,

distributing, supplying and/or selling a certain product and/or its appurtenances, commonly

known as JLG 600S Lift, serial number 0300117158, United Rentals number 956890, and that

prior to the said date, the Defendants, and each of them, had, in fact, designed, prepared,

manufactured, advertised, distributed, supplied and/or sold the aforesaid product and/or its appurtenances.

2.      That the aforementioned Defendants, and each of them, participated in the design, preparation, manufacturing, advertising, distribution, supplying and/or sale of the aforesaid product and/or its appurtenances, while said product and/or its appurtenances was in an unreasonably dangerous condition with regard to its acknowledged intended and foreseeable uses, and was so at the time the aforesaid product and/or its appurtenances left the control of the manufacturer, in that:

(a)      The said product was unreasonably dangerous due to the manufacturing defects or omissions.

(b)      The said product was unreasonably dangerous in that the Defendants provided inadequate safety devices which failed to prevent said product from malfunctioning.

(c)      The said product was unreasonably dangerous in that the Defendants failed to warn consumers or users of the dangerous condition of said product.

(d)      The said product was unreasonably dangerous because it continued to boom up after controls were released.

(e)      The said product was unreasonable dangerous because the controls in the basket failed to stop the lift from booming up.

(f)      The said product was unreasonably dangerous because it did not have proper controls to allow for safe operation.

3.      That on the aforesaid date, the aforesaid product and/or its appurtenances was in use at Elmhurst Hospital construction project, in the City of Elmhurst, County of DuPage, and State of Illinois; at said time, the Plaintiff was in the course of his employment as an ironworker with K&K Ironworks, Inc., at the aforesaid location.

4.      That as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions of said product and/or its appurtenances, the said product and/or its appurtenances crushed the Plaintiff between the basket and the beam, thereby causing injuries to the Plaintiff as hereinafter mentioned.

5.      That as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions of said product and/or its appurtenances, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to usual duties and affairs, and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, ALFONSO RODRIGUEZ demands judgment against the Defendants, UNITED RENTALS (NORTH AMERICA), INC., a Corporation; JLG, INDUSTRIES INC., a Corporation, and GILBANE, INC., a Corporation, and each of them, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally costs of said suit.

## COUNT II
## PRODUCTS LIABILITY

Now comes the Plaintiff, STEVEN L. STEWARD, by his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendant, Defendants, UNITED

RENTALS (NORTH AMERICA), INC., a Corporation; JLG, INDUSTRIES INC., a Corporation, and GILBANE, INC., a Corporation, and each of them, alleges as follows:

1.  That on and prior to March 30, 2009, the aforementioned Defendants, and each of them, were engaged in the business of designing, preparing, manufacturing, advertising, distributing, supplying and/or selling a certain product and/or its appurtenances, commonly known as JLG 600S Lift, serial number 0300117158, United Rentals number 956890, and that prior to the said date, the Defendants, and each of them, had, in fact, designed, prepared, manufactured, advertised, distributed, supplied and/or sold the aforesaid product and/or its appurtenances.

2.  That the aforementioned Defendants, and each of them, participated in the design, preparation, manufacturing, advertising, distribution, supplying and/or sale of the aforesaid product and/or its appurtenances, while said product and/or its appurtenances was in an unreasonably dangerous condition with regard to its acknowledged intended and foreseeable uses, and was so at the time the aforesaid product and/or its appurtenances left the control of the manufacturer, in that:

   (a)  The said product was unreasonably dangerous due to the manufacturing defects or omissions.

   (b)  The said product was unreasonably dangerous in that the Defendants provided inadequate safety devices which failed to prevent said product from malfunctioning.

   (c)  The said product was unreasonably dangerous in that the Defendants failed to warn consumers or users of the dangerous condition of said product.

   (d)  The said product was unreasonably dangerous because it continued to boom up after controls were released.

   (e)  The said product was unreasonable dangerous because the controls in the basket failed to stop the lift from booming up.

    (f)    The said product was unreasonably dangerous because it did not have proper controls to allow for safe operation.

3.    That on the aforesaid date, the aforesaid product and/or its appurtenances was in use at Elmhurst Hospital construction project, in the City of Elmhurst, County of DuPage, and State of Illinois; at said time, the Plaintiff was in the course of his employment as an ironworker with K&K Ironworks, Inc., at the aforesaid location.

4.    That as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions of said product and/or its appurtenances, the said product and/or its appurtenances crushed the Plaintiff between the basket and the beam, thereby causing injuries to the Plaintiff as hereinafter mentioned.

5.    That as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions of said product and/or its appurtenances, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to usual duties and affairs, and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, STEVEN L. STEWART, demands judgment against the Defendants, UNITED RENTALS (NORTH AMERICA), INC., a Corporation; JLG, INDUSTRIES INC., a Corporation, and GILBANE, INC., a Corporation, and each of them, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally costs of said suit.

## COUNT III

## LOSS OF CONSORTIUM

Now comes the Plaintiff, MONIQUE RODRIGUES, by her attorneys, ANESI, OZMON & RODIN, LTD., and complaining of the Defendants, UNITED RENTALS (NORTH AMERICA), INC., a Corporation; JLG, INDUSTRIES INC., a Corporation, and GILBANE, INC., a Corporation, and each of them, alleges as follows:

1.     That on and prior to March 30, 2009, the Plaintiff was the lawfully wedded wife of ALFONSO RODRIGUEZ.

2-5.     Plaintiff repeats and realleges, and incorporates by reference, Paragraphs One (1) through Four (4) of Count I as Paragraphs Two (2) through Five (5) of Count III, as if fully set forth herein.

6.     That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendants, and each of them, the Plaintiff's husband then and there sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs.

7.     That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendants, and each of them, the Plaintiff has been deprived, and is reasonably certain to be deprived in the future, of the society, companionship and conjugal relationship with her husband.

WHEREFORE, the Plaintiff, MONIQUE RODRIGUEZ, demands judgment against the Defendants, UNITED RENTALS (NORTH AMERICA), INC., a Corporation; JLG, INDUSTRIES INC., a Corporation, and GILBANE, INC., a Corporation, and each of them, *, in

a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT IV
## PRODUCT NEGLIGENCE

Now comes the Plaintiff, ALFONSO RODRIGUEZ, by his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendants, UNITED RENTALS (NORTH AMERICA), INC., a Corporation; JLG, INDUSTRIES INC., a Corporation, and GILBANE, INC., a Corporation, and each of them, alleges as follows:

1.     That on and prior to March 30, 2009, the aforementioned Defendants, and each of them, were engaged in the business of servicing, maintaining and/or repairing a certain product and/or its appurtenances, commonly known as JLG 600S Lift, serial number 0300117158, United Rentals number 956890, and that prior to the said date, the Defendants, and each of them, had, in fact, serviced, maintained and/or repaired the aforesaid product and/or its appurtenances.

2.     That on and prior to March 30, 2009, the Defendants, and each of them, participated in the servicing, maintenance and/or repair of the aforesaid product and/or its appurtenances.

3.     Notwithstanding their duty, at said time and place, the Defendants, and each of them, by and through their agents, servants and employees, were then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a)     The said product was unreasonably dangerous due to the manufacturing defects or omissions.

(b)     The said product was unreasonably dangerous in that the Defendants provided inadequate safety devices which failed to prevent said product from malfunctioning.

(c)     The said product was unreasonably dangerous in that the Defendants failed to warn consumers or users of the dangerous condition of said product.

(d)     The said product was unreasonably dangerous because it continued to boom up after controls were released.

(e)     The said product was unreasonable dangerous because the controls in the basket failed to stop the lift from booming up.

(f)     The said product was unreasonably dangerous because it did not have proper controls to allow for safe operation.

(g)     Failed to make a reasonable inspection of said product when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent in injury to the Plaintiff.

(h)     Negligently and improperly maintained, repaired, installed and modified said product, along with its component parts, when the Defendant had a duty to keep said product in a safe, condition.

(i)     Negligently failed to give adequate warnings concerning the dangerous propensities of said product and/or the likelihood of serious injuries occurring in the event of malfunction.

(j)     Negligently failed to discover the defective condition of the said product and/or its component parts.

4.      That on the aforesaid date, the aforesaid product and/or its appurtenances was in use at Elmhurst Hospital construction project, in the City of Elmhurst, County of DuPage, and State of Illinois; at said time, the Plaintiff was in the course of his employment as ironworker with K&K Ironworks, Inc., at the aforesaid location.

5.      That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions, the said product and/or its appurtenances crushed the Plaintiff between the basket and the beam, thereby causing injuries to the Plaintiff as hereinafter mentioned.

6. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omission of the Defendants, and each of them, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to usual duties and affairs, and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, ALFONSO RODRIGUEZ demands judgment against the Defendants, UNITED RENTALS (NORTH AMERICA), INC., a Corporation; JLG, INDUSTRIES INC., a Corporation, and GILBANE, INC., a Corporation, and each of them, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally costs of said suit.

## COUNT V
## PRODUCT NEGLIGENCE

Now comes the Plaintiff, STEVEN L. STEWART, by his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendants, UNITED RENTALS (NORTH AMERICA), INC., a Corporation; JLG, INDUSTRIES INC., a Corporation, and GILBANE, INC., a Corporation, and each of them, alleges as follows:

1. That on and prior to March 30, 2009, the aforementioned Defendants, and each of them, were engaged in the business of servicing, maintaining and/or repairing a certain product

and/or its appurtenances, commonly known as JLG 600S Lift, serial number 0300117158, United Rentals number 956890, and that prior to the said date, the Defendants, and each of them, had, in fact, serviced, maintained and/or repaired the aforesaid product and/or its appurtenances.

2.     That on and prior to March 30, 2009, the Defendants, and each of them, participated in the servicing, maintenance and/or repair of the aforesaid product and/or its appurtenances.

3.     Notwithstanding their duty, at said time and place, the Defendants, and each of them, by and through their agents, servants and employees, were then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a)     The said product was unreasonably dangerous due to the manufacturing defects or omissions.

(b)     The said product was unreasonably dangerous in that the Defendants provided inadequate safety devices which failed to prevent said product from malfunctioning.

(c)     The said product was unreasonably dangerous in that the Defendants failed to warn consumers or users of the dangerous condition of said product.

(d)     The said product was unreasonably dangerous because it continued to boom up after controls were released.

(e)     The said product was unreasonable dangerous because the controls in the basket failed to stop the lift from booming up.

(f)     The said product was unreasonably dangerous because it did not have proper controls to allow for safe operation.

(g)     Failed to make a reasonable inspection of said product when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent in injury to the Plaintiff.

(h)     Negligently and improperly maintained, repaired, installed and modified said product, along with its component parts, when the Defendant had a duty to keep said product in a safe, condition.

(i)      Negligently failed to give adequate warnings concerning the dangerous propensities of said product and/or the likelihood of serious injuries occurring in the event of malfunction.

(j)      Negligently failed to discover the defective condition of the said product and/or its component parts.

4.      That on the aforesaid date, the aforesaid product and/or its appurtenances was in use at Elmhurst Hospital construction project, in the City of Elmhurst, County of DuPage, and State of Illinois; at said time, the Plaintiff was in the course of his employment as an ironworker with K&K Ironworks, Inc., at the aforesaid location.

5.      That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions, the said product and/or its appurtenances crushed the Plaintiff between the basket and the beam, thereby causing injuries to the Plaintiff as hereinafter mentioned.

6.      That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omission of the Defendants, and each of them, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to usual duties and affairs, and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, STEVEN L. STEWART, demands judgment against the Defendants, UNITED RENTALS (NORTH AMERICA), INC., a Corporation; JLG, INDUSTRIES INC., a Corporation, and GILBANE, INC., a Corporation, and each of them, in a

dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally costs of said suit.

## COUNT VI

## LOSS OF CONSORTIUM

Now comes the Plaintiff, MONIQUE RODRIGUES, by her attorneys, ANESI, OZMON & RODIN, LTD., and complaining of the Defendants, UNITED RENTALS (NORTH AMERICA), INC., a Corporation; JLG, INDUSTRIES INC., a Corporation, and GILBANE, INC., a Corporation, and each of them, alleges as follows:

2-6.    Plaintiff repeats and realleges, and incorporates by reference, Paragraphs One (1) through Five (5) of Count IV as Paragraphs Two (2) through Six (6) of Count VI, as if fully set forth herein.

6.    That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendants, and each of them, the Plaintiff's husband then and there sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs.

7.    That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendants, and each of them, the Plaintiff has been deprived, and is reasonably certain to be deprived in the future, of the society, companionship and conjugal relationship with her husband.

WHEREFORE, the Plaintiff, MONIQUE RODRIGUEZ, demands judgment against the, Defendants, UNITED RENTALS (NORTH AMERICA), INC., a Corporation; JLG,

INDUSTRIES INC., a Corporation, and GILBANE, INC., a Corporation, and each of them, *, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT VII

## CONSTRUCTION NEGLIGENCE (FAILURE TO PROVIDE)

Now comes the Plaintiff, ALFONSO RODRIGUEZ, by his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendants, UNITED RENTALS (NORTH AMERICA), INC., a Corporation; JLG, INDUSTRIES INC., a Corporation, and GILBANE, INC., a Corporation, and each of them, alleges as follows:

1.      That on and before March 30, 2009, the Defendant owned and/or was in charge of the erection, construction, repairs, alteration, removal and/or painting of a certain building or other structure located at 200 Berteau Avenue, Elmhurst Hospital Construction project, in the City of Elmhurst, County of DuPage and State of Illinois.

2.      That at the aforementioned time and place, the Plaintiff was employed by K&K Ironworks, Inc. on said premises in the furtherance of the aforesaid work.

3.      That at the aforesaid time and place and prior thereto, the Defendant, individually and through its agents, servants and employees, was present during the course of such erection, construction, repairs, alteration, removal and/or painting. The Defendant participated in coordinating the work being done and designated various work methods, maintained and checked work progress and participated in the scheduling of the work and the inspection of the work. In addition thereto, at that time and place, the Defendant had the authority to stop the

work, refuse the work and materials and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason.

4.    That at the aforesaid time and place, and prior thereto, the Defendant failed to erect, construct, place or operate, or failed to cause to be erected, constructed, placed or operated, a JLG 600S Lift to facilitate and be used in the said erection, construction, repairs, alteration, removal and/or painting.

5.    That at all times material to this Complaint, the Defendant had a duty to exercise reasonable care in the erection, construction, placement, or operation of said construction site including the provision of a safe, suitable and proper JLG 600S Lift for the Plaintiff and others then and there working.

6.    Notwithstanding its duty, at said time and place, the Defendant, by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a)    Failed to make a reasonable inspection of the premises and the work being done thereon, when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to the Plaintiff.

(b)    Improperly operated, managed, maintained and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured.

(c)    Failed to provide the Plaintiff with a safe place within which to work.

(d)    Failed to warn the Plaintiff of the dangerous conditions then and there existing, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff.

(e)    Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully upon said premises.

(f)    Failed to supervise the work being done on the aforesaid premises.

(g)    Failed to provide a safe lift.

(h)    Failed to provide a safe means of accessing the steel.

7.    That at the aforesaid time and place, the duties and responsibilities of the Plaintiff required that he weld erect steel then and there being used in the aforementioned erection, construction, repairs, alteration, removal and/or painting.

8.    That at said time and place, the Plaintiff was welding and erecting steel when the lift controls failed to operate safely and stop booming upward, thereby proximately causing injuries to the Plaintiff as hereinafter mentioned.

9.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff was crusted between the lift basket and the beam, thereby he sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, ALFONSO RODRIGUEZ demands judgment against the Defendants, UNITED RENTALS (NORTH AMERICA), INC., a Corporation; JLG, INDUSTRIES INC., a Corporation, and GILBANE, INC., a Corporation, and each of them, in a

dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally costs of said suit.

## COUNT VIII

## CONSTRUCTION NEGLIGENCE (FAILURE TO PROVIDE)

Now comes the Plaintiff, STEVEN L. STEWARD, by his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendants, UNITED RENTALS (NORTH AMERICA), INC., a Corporation; JLG, INDUSTRIES INC., a Corporation, and GILBANE, INC., a Corporation, and each of them, alleges as follows:

1.      That on and before March 30, 2009, the Defendant owned and/or was in charge of the erection, construction, repairs, alteration, removal and/or painting of a certain building or other structure located at 200 Berteau Avenue, Elmhurst Hospital Construction project, in the City of Elmhurst, County of DuPage and State of Illinois.

2.      That at the aforementioned time and place, the Plaintiff was employed by K&K Ironworks, Inc. on said premises in the furtherance of the aforesaid work.

3.      That at the aforesaid time and place and prior thereto, the Defendant, individually and through its agents, servants and employees, was present during the course of such erection, construction, repairs, alteration, removal and/or painting.   The Defendant participated in coordinating the work being done and designated various work methods, maintained and checked work progress and participated in the scheduling of the work and the inspection of the work.  In addition thereto, at that time and place, the Defendant had the authority to stop the work, refuse the work and materials and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason.

4.     That at the aforesaid time and place, and prior thereto, the Defendant failed to erect, construct, place or operate, or failed to cause to be erected, constructed, placed or operated, a JLG 600S Lift to facilitate and be used in the said erection, construction, repairs, alteration, removal and/or painting.

5.     That at all times material to this Complaint, the Defendant had a duty to exercise reasonable care in the erection, construction, placement, or operation of said construction site including the provision of a safe, suitable and proper JLG 600S Lift for the Plaintiff and others then and there working.

6.     Notwithstanding its duty, at said time and place, the Defendant, by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    (a)    Failed to make a reasonable inspection of the premises and the work being done thereon, when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to the Plaintiff.

    (b)    Improperly operated, managed, maintained and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured.

    (c)    Failed to provide the Plaintiff with a safe place within which to work.

    (d)    Failed to warn the Plaintiff of the dangerous conditions then and there existing, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff.

    (e)    Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully upon said premises.

    (f)    Failed to supervise the work being done on the aforesaid premises.

    (g)    Failed to provide a safe lift.

(h)    Failed to provide a safe means of accessing the steel.

7.    That at the aforesaid time and place, the duties and responsibilities of the Plaintiff required that he weld an erect steel then and there being used in the aforementioned erection, construction, repairs, alteration, removal and/or painting.

8.    That at said time and place, the Plaintiff was welding and erecting steel when the lift controls failed to operate safely and stop booming upward, thereby proximately causing injuries to the Plaintiff as hereinafter mentioned.

9.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff was crusted between the lift basket and the beam, thereby he sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, STEVEN L. STEWART demands judgment against the Defendants, UNITED RENTALS (NORTH AMERICA), INC., a Corporation; JLG, INDUSTRIES INC., a Corporation, and GILBANE, INC., a Corporation, and each of them, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally costs of said suit.

## COUNT IX

## LOSS OF CONSORTIUM

Now comes the Plaintiff, MONIQUE RODRIGUES, by her attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendants, UNITED RENTALS (NORTH AMERICA), INC., a Corporation; JLG, INDUSTRIES INC., a Corporation, and GILBANE, INC., a Corporation, and each of them, alleges as follows:

1.      That on and prior to March 31, 2009, the Plaintiff was the lawfully wedded wife of ALFONSO RODRIGUEZ.

2-9.    Plaintiff repeats and realleges, and incorporates by reference, Paragraphs One (1) through Eight (8) of Count VII as Paragraphs Two (2) through Nine (9) of Count IX, as if fully set forth herein.

10.     That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff's husband then and there sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs.

11.     That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff has been deprived, and is reasonably certain to be deprived in the future, of the society, companionship and conjugal relationship with her husband.

WHEREFORE, the Plaintiff, MONIQUE RODRIGUEZ, demands judgment against the Defendants, UNITED RENTALS (NORTH AMERICA), INC., a Corporation; JLG, INDUSTRIES INC., a Corporation, and GILBANE, INC., a Corporation, and each of them, in a

dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as

the jury and the Court shall deem proper, and additionally, costs of said suit.

_____
Attorneys for Plaintiff(s)

Marc A. Taxman
**ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.**
161 North Clark Street - 21st Floor
Chicago, IL 60601
312/372-3822

15016/MAT/rf  
2-2-09

Attorney ID#35244

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ALFONSO RODRIGUEZ, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | *Case No.* |
| UNITED RENTALS (NORTH AMERICA), | ) | |
| INC., a Corporation, et al, | ) | |
| Defendants. | ) | |

### AFFIDAVIT

I, Marc A. Taxman, being first duly sworn on oath, deposes and states that if I were called upon to testify, I would do so as follows:

1.     That I am an attorney at law licensed to practice in the State of Illinois.

2.     That I am a Partner with the law firm of ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., attorneys of record for the Plaintiffs, Alfonso Rodriguez, et al.

3.     That based upon the information available to me at the present time, the total amount of money damages sought in this matter exceeds $50,000.00.

4.     That this Affidavit is submitted in compliance with Supreme Court Rule 222(b).

FURTHER, Affiant sayeth not.

_____
Marc A. Taxman

SUBSCRIBED AND SWORN TO  
before me this ____ day  
of _____ 2009.

_____
Notary Public

"OFFICIAL SEAL"  
ROSEMARY ANN FLYNN  
NOTARY PUBLIC, STATE OF ILLINOIS  
MY COMMISSION EXPIRES 10/3/2009

**1910 - No Fee Paid**
**1919 - Fee Paid**
**Jury Demand**

CCG N067-10M-6/09/04 ( )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ALFONSO RODRIGUEZ, et al,

v.

UNITED RENTALS INC, a Corp., et al

No. _____

2009L004072
CALENDAR/ROOM H
TIME 00:00
Product Liability

FILED-2
2009 APR -6 PM 3:25
CIRCUIT CLERK OF COOK
COUNTY, ILLINOIS
LAW DIVISION
DOROTHY BROWN CLERK

### JURY DEMAND

**The undersigned demands a jury trial.**

_____
**(Signature)**

Dated: April 3 _____, 2009

Atty. No.: 35244

Name: Anesi, Ozmon, Rodin, Novak & Kohen, Ltd.

Atty. for: Plaintiff

Address: 161 North Clark Street, 21st Floor

City/State/Zip: Chicago, IL 60601

Telephone: 312 372-3822

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**